IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

RECEIVED IN CLERK'S OFFICE
JAN - 7 2015
U.S. DISTRICT COURT
MID. DIST. TENN.

ALEXANDER L. BAXTER )
)
)
v. ) Case No. _____
)
SPENCER R. HARRIS )
BRAD BRACEY and/or ) (Jury Demand)
OFFICER JOHN DOE )

## 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT

### Introduction

This is a 42 U.S.C. 1983 Civil Rights Complaint being brought by Alexander L. Baxter, an inmate presently incarcerated in the Davidson County Sheriff's Office at the Correctional Development Center located on Harding Place in Nashville, Tennessee. The petitioner submits that officers of the Metropolitan Nashville Police Department violated his constitutional rights by using excessive force against him, and that the force was sadistic, malicious, intentional and deliberately done to arbitrarily inflict serious bodily injury upon the body of the petitioner. The petitioner submits that not only was his constitutional rights violated, but that Officer Harris and Officer Bracey committed the tort action of especially aggravated assault and/or its statutory equivalent; and as a result, the plaintiff suffered serious bodily injury, personal humiliation, emotional distress and mental anguish because of this criminal act done by Officer Harris and Officer Bracey.

In addition to the above, the petitioner admittedly submits that during the course of an arrest he ran and hid in the basement of a house. Officer Harris and Officer Bracey soon entered the basement with a K-9. The petitioner sat close to the window upon which the officers entered with the K-9. The petitioner watched the K-9 running around on the other side of the basement. The officers located the petitioner first, then the K-9 ran up and one of the officers was holding the K-9 by the collar. The petitioner sat on the ground, frozen still, with his hands raised in the air. The K-9 was barking and rearing up trying to get at the petitioner. When the K-9 ran up to the officer, the petitioner had surrendered. The petitioner was at gunpoint with a flashlight shining on him. It was daylight outside, and there was lots of light shining through the windows. One officer was in front of the petitioner, and one officer was behind the petitioner. The petitioner was not physically resisting. The petitioner did nothing to provoke any force. The officer in front of the petitioner then released the K-9, and both officers stood and watched as the K-9 attacked. The officer behind had an opportunity to intervene and stop the attack. He didn't. The officer in front eventually stepped in and removed the K-9. The called it a K-9 apprehension, but there were no bites under/on the petitioner's arms, no bites under/on the petitioner's legs, no bits on the petitioner's hands, nor were there any other bites on any part of the

petitioner's body. The petitioner was transferred to Metro Nashville General Hospital with deep lacerations under the pit of his arm only. The officers then lied in their police reports because the officers located and had the petitioner at gunpoint first. What they did to the petitioner was a criminal act under the authority invested in them by the Metropolitan Nashville Police Department.

The petitioner exhausted all of his administrative remedies. The petitioner filed a complaint/grievance first in DCSO. When he received a response, the petitioner filed a grievance appeal. No response to the grievance appeal was received by the petitioner.

The petitioner also filed a formal complaint by way of a sworn Affidavit as well as a letter to the Office of Professional Accountability of the Metropolitan Nashville Police Department. The petitioner next filed a complaint/appeal to Sgt. Chris Warner, a complaint/appeal to Lt. Christopher Gilder, a complaint/appeal to K-9 Captain Dhana Jones, a complaint/appeal to Chief Steve Anderson, and a complaint/appeal to Mayor Karl Dean. All of the complaint/appeals and responses are included with this mailing.

Respectfully submitted,
*Alexander L. Baxter* 12-29-14
Mr. Alexander L. Baxter, pro se.

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

__MIDDLE__ DIVISION

RECEIVED
IN CLERK'S OFFICE
JAN -7 2015
U.S. DISTRICT COURT
MID. DIST. TENN.

__ALEXANDER L. BAXTER__ )
)
_____ )
)
_____ )
PLAINTIFF(S) )
)
)
vs. ) CIVIL ACTION NO._____
)
)
__SPENCER R. HARRIS__ ) (Jury Demand)
)
__BRAD BRACEY__ and/or )
)
__Officer John Doe__ )
DEFENDANT(S) )

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER

42 U.S.C. §1983

I. **Previous Lawsuits**

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes___ NO **X**

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit

Plaintiffs: __N/A__

__N/A__

Defendants: ~~N/A   Officer Spencer R. Harris~~

N/A   ~~Officer Brad Bracey~~

2. Court (if federal court, name the district, if state court, name the county):
   N/A

3. Docket Number: N/A

4. Name of judge to whom case was assigned: N/A

5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

6. Approximate date of filing lawsuit: N/A

7. Approximate date of disposition: N/A

II. **Place of present confinement** Davidson County Sheriff's Office (CDC)

   A. Is there a prisoner grievance procedure in this institution? YES **X**   NO ____

   B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
      YES **X**   NO ____

   C. If your answer is Yes:
      1. What steps did you take?:
         Filed Grievance & Grievance Appeal
         Also Filed Complaint and Appeals with MNPD
      2. What was the result? Filed to Internal Affairs, Sgt. Warner, Lt. Gilder, Captain Jones, Chief Anderson, Mayor Dean & OPA.

   D. If your answer is No, explain why not: N/A

III. **Parties**

   (In Item B below, place the full name of the defendant in the blank marked B his official position and place of employment. In Item A, place your full name and address. Do the same for additional plaintiffs, if any).

   A. Name of Plaintiff Alexander L. Baxter, OCA #68360
      Address DCSO P.O. Box 196383 Nashville, TN 37219

2

Case 3:15-cv-00019   Document 1   Filed 01/07/15   Page 5 of 7 PageID #: 5

B. Defendant Spencer R. Harris is employed as Police Officer at Metro Nashville Police Department

C. Additional Defendants: Brad Bracey, MNPD Officer
200 James Robertson Parkway
Nashville, TN 37201

## IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.

On January 8, 2014 I was arrested by Officers Harris and Bracey. The officers entered the basement with a K-9. The officers located me first then the K-9 ran up to the officer. I was sitting on the ground, frozen still, with my hands raised in the air. One officer stood behind me while the officer with the K-9 stood in front of me. The K-9 was rearing up and barking trying to get at me. One officer had a flashlight pointing on me. I was surrounded and I was caught. I was not physically resisting. I did nothing to provoke any force. The officer in front of me then released the dog, and they both stood and watched as the dog attacked me. The officer behind me had an opportunity to intervene and/or stop the attack. He didn't.

They called it a K-9 apprehension, but there were no bites on my arms, my hands, my legs or on any other part of my body. The only bites I had were under the pit of my arm.

3

I was apprehended and had surrendered. The attack was deliberate, malicious, sadistic and intentional. I received serious bodily injury, personal humiliation, mental anguish, emotional distress, and other injury. The officers intentionally lied. I was caught first by the officers.

V. **Relief sought:**

1. $100,000 Compensatory Damages

2. $100,000 Punitive Damages

3. $100,000 Punitive Damages

4. 

5. 

(We) hereby certify under penalty of perjury that the above petition is true to the best of my (our) information, knowledge and belief.

Signed this 29th day of December, 2014

*Alph L. Baxter*

Signature(s) of Plaintiff(s)

4