IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

RECEIVED IN CLERK'S OFFICE
APR 08 2015
U.S. DISTRICT COURT
MID. DIST. TENN.

ALEXANDER L. BAXTER, )
)
Plaintiff, )
) No. 3:15-cv-19
)
v. ) Judge Sharp
)
) Magistrate Judge Knowles
SPENCER HARRIS, et al., )
)
Defendants. )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO OFFICER BRAD BRACEY'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR MOTION TO BE DISMISSED

Comes now the plaintiff, Alexander L. Baxter, acting pro se, and respectfully responds in opposition to Brad Bracey's Motion for Judgment on the Pleadings, and/or Motion to be dismissed. The plaintiff would state that Brad Bracey is not entitled to qualified immunity, and that Brad Bracey deliberately, sadistically, and with malice violated the clearly established rights of the plaintiff. The plaintiff would further ask the court to recognize that during the course of all of his pleadings that he is a layman, untrained and with minimal skill in the complexity of civil law.

Because of the above, the plaintiff respectfully requests that his pleadings be "liberally construed" as is allowed by the Supreme Court's holding in <u>Haines v. Kerner</u>, (citation omitted). The plaintiff further provides notice that he does not have access or the material to research Sixth Circuit decisions.

(i)

## RESPONSE

The Fourth Amendment protects persons from the use of excessive force by law enforcement officers in the course of an arrest, investigatory detention or other seizure. Moreover, police use of force is almost always analyzed under the Fourth Amendment "reasonableness" standard which governs "all claims that law enforcement have used excessive force in the course of an arrest." Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865.

In addition to the above, qualified immunity is not possible when there are disputed facts that must be resolved in order to decide qualified immunity, or if one of the parties has requested a jury trial. In such a situation, most courts will submit that factual issues to the jury and then decide qualified immunity based on the jury's factual findings. Curley v. Klem, 499 F.3d 199, 211 (3rd Cir. 2007).

Factors used in determining whether force used to effect a seizure is reasonable include: (1) The severity of the crime at issue; (2) Whether the suspect poses an immediate threat to the safety of the officers or others; (3) Whether he is actively resisting arrest or attempting to evade arrest by flight. See: U.S. Const. 4th Amend. (2).

Whether the force was objectively unreasonable in a 4th Amendment case or used maliciously and sadistically in an 8th Amendment case, a plaintiff must usually show that it was not justified by any legitimate law enforcement, or was completely out of need.

In his "Introduction," located on Page 2, the plaintiff specifically stated as follows: "...The petitioner submits that during the course of an arrest he ran and hid in the basement of a house. Officer Harris and Officer Bracey soon entered the basement with the K9. The petitioner sat close to a window upon which the officers entered with the K9. The petitioner watched the K9 running around on the other side of the basement. The officers located the petitioner first, then the K9 ran up and one of the officers was holding the K9 by the collar. The petitioner sat on the ground, frozen still, with his hands raised in the air. The K9 was barking and rearing up trying to get at the petitioner. When the K9 ran up to the officer, the petitioner had already surrendered to the officers. The petitioner was at gunpoint with a flashlight shining on him. It was daylight outside and there was lots of light shining through the windows. One officer was in front of the petitioner, and one officer was behind. The petitioner was not physically resisting. The petitioner did nothing to provoke any force. The officer in front of the petitioner then released the K9, and both officers stood and watched as the K9 attacked. The officer behind had an opportunity to intervene and stop the attack. He didn't..." The petitioner sustained multiple bites under the pit of his arm.

The defendants, on the other hand, in their "Answer," located on Page 2, stated, "...It is admitted that a K9 was used to apprehend plaintiff. All other allegations related to the manner in which plaintiff was apprehended

and/or arrested are denied..." Moreover, also located on Page 2, the defendants stated as follows: "The K9 then located and apprehended him, at which point the plaintiff surrendered."

Factual disputes clearly exist in this case. Some courts have said that factually contested case going to a jury, the question of qualified immunity should be decided by the jury. McCoy v. Hernandez, 203 F.3d 371, 376 (5th Cir. 2000). In this case, the Court can pose questions to the jury to obtain specific factual findings from it. See: Rule 49, Fed. R. Civ. P.

Even though Officer Bracey was "not in control of the K9" and was only "standing behind plaintiff when the K9 bit plaintiff," he is still not relieved of culpability. After failing to intervene to stop the attack, as adequately pleaded by the plaintiff, Officer Bracey went on to show malice and deception and an attempt to conceal the attack by filing a false police report in which he stated it was a "K9 apprehension."

Similar situations can be found in U.S. v. LaVallee, 439 F.3d 670, when the court affirmed the convictions of officers who beat prisoners and fabricated reports to cover up. Or in U.S. v. Serrata, 425 F.3d 886 (10th Cir. 2005), when that court affirmed the convictions of officers and a lieutenant for beating a prisoner and for falsifying reports.

## Conclusion

The fact of the matter is that the plaintiff had an absolute right to be free from the use of excessive force, and that right was clearly established at the time of the assault. See: Fromuth v. Metro Gov't of Nashville, 158 F. Supp. 2d 787, 2001 U.S. Dist. LEXIS 14729 (M.D. Tenn. 2001).

In addition, qualified immunity is not possible when there are disputed facts that must be resolved in order to decide qualified immunity, or if one of the parties has requested a jury trial. In such a situation, it is the plaintiff's understanding that most courts will submit the factual issues to the jury and then decide qualified immunity based on the jury's factual findings. Willingham v. Crooke, 412 F.3d 553, 559-60 (4th Cir. 2005); Littrell v. Franklin, 388 F.3d 578, 584-85 (8th Cir. 2004).

Moreover, Tennessee Code Annotated, 39-13-102 defines aggravated assault: "A person commits aggravated assault as defined in T.C.A. 39-13-101, and the assault: (i) Results in serious bodily injury to another; (ii) Results in the death to another; (iii) Involved the use or display of a deadly weapon; or (iv) Was intended to cause bodily injury." T.C.A. 39-13-102.

Officers or employees who know, or reasonably should know, that a prisoner is being treated unconstitutionally may be held liable if they fail to do anything about it. See: Greason v. Kemp, 891 F.2d 829, 839-40 (11th Cir. 1990). This kind of liability may be affected by the Supreme

(5)

Court's decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

Moreover, officials are expected to use common sense in assessing their legal obligations. <u>Giebel v. Sylvester</u>, 244 F.3d 1182, and personnel may be held liable for their failure to act if it results in a constitutional violation. <u>Estelle v. Gamble</u>, 97 S.Ct. 285 (1976).

In conclusion, a person may be held liable under 42 U.S.C. 1983 if he "omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

As a result of the above, and any other grounds this Honorable Court may find proper and just, the plaintiff respectfully objects in opposition to the dismissal of Officer Bracey from this action, and relies respectfully on the sound reasoning of this Court to make an accurate determination. The plaintiff, in addition, does not object to the stay of discovery pending resolution of this issue.

Respectfully submitted,
*Alexander L. Baxter* 4-6-15
Mr. Alexander L. Baxter

\* <u>Certificate of Service</u>

The plaintiff submits that a true and exact copy of the foregoing has been forwarded by U.S. Mail, to: Keli J. Oliver & Melissa Roberge, Assistant Metropolitan Attorneys, 108 Metropolitan Courthouse, P.O. Box 196300, Nashville, TN 37219.

*Alexander L. Baxter* 4-6-15

NAME Alexander L. Baxter
OCA 6320
DAVIDSON COUNTY SHERIFF'S OFFICE
P.O. BOX 196383
NASHVILLE, TN 37219-6383

RECEIVED
IN CLERK'S OFFICE
APR 08 2015
U.S. DISTRICT COURT
MID. DIST. TENN.

NASHVILLE TN 370
07 APR 2015 PM 6 L

Clerk, United States District Court
800 U.S. Courthouse
Nashville TN 37203

SENT FROM CORRECTIONAL INSTITUTION INMATE BEARS ALL RESPONSIBILITY FOR CONTENT