# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALEXANDER L. BAXTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPENCER HARRIS, et al., )<br>)<br>Defendants. ) | Case No. 3:15-cv-00019<br>Judge Sharp / Knowles |

## REPORT AND RECOMMENDATION

This matter is before the Court upon two Motions filed by Defendant Brad Bracey: the first, a Motion for Judgment on the Pleadings filed pursuant to Fed. R. Civ. P. 12(c), and the second, a Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6).[1]  Docket Nos. 16, 37. Defendant Bracey has contemporaneously filed supporting Memoranda of Law arguing that Plaintiff's claims against him should be dismissed because he is qualifiedly immune. Docket Nos. 17, 38.

Plaintiff has filed a Response to Defendant Bracey's Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(c), but has not responded to his Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 21.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, arguing that Officers of the Metropolitan Nashville Police Department, including Defendants Harris and Bracey, utilized excessive force when arresting him, in violation of his Fourth Amendment

---

[1] Defendant Bracey is the only Defendant who is a party to the instant Motions.

rights. Docket No. 1.[2] Specifically, Plaintiff avers:

> . . . The petitioner admittedly submits that during the course of an arrest he ran and hid in the basement of a house. Officer Harris and Officer Bracey soon entered the basement with a K-9. The petitioner sat close to the window upon which the officers entered with the K-9. The petitioner watched the K-9 running around on the other side of the basement. The officers located the petitioner first, then the K-9 ran up and one of the officers was holding the K-9 by the collar. The petitioner sat on the ground, frozen still, with his hands raised in the air. The K-9 was barking and rearing up trying to get at the petitioner. When the K-9 ran up to the officer, the petitioner had surrendered. The petitioner was at gun-point with a flashlight shining on him. It was daylight outside, and there was lots of light shining though the windows. One officer was in front of the petitioner, and the other officer was behind the petitioner. The petitioner was not physically resisting. The petitioner did nothing to provoke any force. The officer in front of the petitioner then released the K-9, and both officers stood and watched as the K-9 attacked. The officer behind had an opportunity to intervene and stop the attack. He didn't. The officer in front eventually stepped in and removed the K-9. The [*sic*] called it a K-9 apprehension, but there were no bites under/on the petitioner's arms, no bites under/on the petitioner's legs, no bits [*sic*] on under/on the petitioner's hands, nor were there any other bites on any part of the petitioner's body. The petitioner was transferred to Metro Nashville General Hospital with deep lacerations under the pit of his arms only. . . .

*Id.*, p. 2-3.

Plaintiff seeks compensatory and punitive damages. *Id*., p. 7.

Defendant Bracey filed the instant Motions arguing that he is qualifiedly immune.

---

[2] Plaintiff has filed an Amended Complaint, which states in its entirety:

> In his original complaint the plaintiff named Spencer Harris, Brad Bracey and John Doe as defendants. The only amendment is that the plaintiff removes John Doe as a defendant. All other pleadings in the original complaint remain the same.

Docket No. 34.

Docket Nos. 16, 37. Defendant Bracey argues that he did not know that the K-9 would be used and did not have the opportunity or ability to stop the use of the K-9. *Id.*; Docket Nos. 17, 38. He further argues that Plaintiff's Complaint does not allege sufficient facts to show that he failed to intervene during the use of another officer's K-9 police dog or that he violated any clearly established right of Plaintiff. *Id.*

Plaintiff responds that "qualified immunity is not possible when there are disputed facts that must be resolved" and argues that "[f]actual disputes clearly exist" in this case. Docket No. 21. Plaintiff further responds that "[e]ven though Officer Bracey was 'not in control of the K9' and was only 'standing behind plaintiff when the K9 bit plaintiff,' he is still not relieved of culpability." *Id.* Plaintiff continues: "After failing to intervene to stop the attack, as adequately pleaded by the plaintiff, Officer Bracey went on to show malice and deception and an attempt to conceal the attack by filing a false police report in which he stated it was a 'K9 apprehension.'" *Id.* Plaintiff maintains that: (1) Defendant Bracey can be held liable for failing to intervene; (2) he had an "absolute right" to be free from the use of excessive force; and (3) that right was clearly established. *Id.*

In order to hold Defendant Bracey liable for excessive use of force, Plaintiff must prove that he: "(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). Generally, "mere presence . . . , without a showing of direct responsibility for the action, will not subject an officer to liability." *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984). An individual officer may be held liable for failure to prevent the excessive use of force, however, where: "(1)

3

the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Turner*, 119 F.3d at 429. "Each defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

As pertains to Defendant Bracey specifically, the allegations of Plaintiff's Complaint are that Defendant Bracey entered the basement with another officer and a K-9; that Defendant Bracey was behind him and stood and watched the other officer release the K-9; and that, despite having "an opportunity to intervene and stop the attack," "[h]e didn't." Docket No. 1. Plaintiff additionally contends that Defendants Bracey and Harris "lied in their police reports." *Id.*

Plaintiff has raised several issues of material fact that counsel against finding Defendant Bracey qualifiedly immune at this juncture of the proceedings. The first issue of material fact is whether Plaintiff had already surrendered at the time the K-9 was released. Plaintiff avers that the release of the K-9 was excessive and unwarranted because he "sat on the ground, frozen still, with his hands raised in the air"; he had surrendered and was at gunpoint with a flashlight shining on him; he was not physically resisting; and he did nothing to provoke any force. Docket No. 1. The second issue of material fact is whether Defendant had an opportunity to intervene against the release and attack of the K-9, and failed to do so. Plaintiff avers that he did. *Id.* The third issue of material fact is whether Defendant Bracey lied in his police report regarding Plaintiff's arrest. Again, Plaintiff contends that he did. *Id.*

Plaintiff has a clearly established right to be free from the excessive use of force during an arrest, and to have truthful police reports filed regarding said arrest. Accepting Plaintiff's factual allegations as true, Plaintiff has raised genuine issues of fact that go to the heart of

Defendant Bracey's qualified immunity defense. Accordingly, it would be inappropriate to grant Defendant Bracey's Motion for Judgment on the Pleadings and/or Motion to Dismiss.

For the reasons discussed above, the undersigned recommends that the instant Motions (Docket Nos. 16, 37) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge