UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALEXANDER L. BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-cv-00019 |
| v. | ) | Judge Sharp/Knowles |
| | ) | |
| SPENCER HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Alexander L. Baxter, an inmate at the Bledsoe County Correctional Center proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges that on January 8, 2014, Officers of the Metropolitan Nashville Police Department, including Defendant Brad Bracey, utilized excessive force when arresting him in violation of his Fourth Amendment rights. Specifically, Plaintiff alleges that after he had surrendered Officers Harris and Bracey released a K-9 dog and watched as the dog attacked Plaintiff, resulting in deep lacerations to his armpits. Plaintiff also alleges that the officers submitted a false police report describing his arrest as a K-9 apprehension despite the fact that the dog was not released until after Plaintiff's surrender.

Magistrate Judge Knowles has issued a Report and Recommendation ("R & R") (Docket No. 48) in which he recommends that Defendant Bracey's Motion for Judgment on the Pleadings (Docket No. 16) and/or Motion to Dismiss for Failure to State a Claim (Docket No. 37) be denied. Defendant Bracey filed objections to the R & R (Docket No. 54), to which Plaintiff has responded (Docket No. 60). Having considered the matter de novo as required by Rule 72 of the Federal Rules of Civil Procedure, the Court agrees with the recommended disposition.

1

In deciding to approve the R & R, the Court has considered the objections levied by Defendant Bracey. Defendant Bracey's first objection takes issue with the fact that the magistrate judge did not treat his Motion to Dismiss as unopposed. Although Plaintiff filed a response to the Motion for Judgment on the Pleadings, Plaintiff did not respond to the Motion to Dismiss until after the entry of the R & R (Docket No. 59). In issuing the R & R, the magistrate judge looked to Plaintiff's earlier-filed response to the Motion for Judgment on the Pleadings (Docket No. 21). According to Defendant Bracey, Plaintiff's filing of an Amended Complaint, terminated the Motion for Judgment on the Pleadings and rendered all accompanying filings moot. Defendant argues that therefore magistrate judge could not consider Plaintiff's earlier response and was bound to treat the Motion to Dismiss as unopposed.

Defendant is correct that Plaintiff's Amended Complaint rendered the Motion for Judgment on the Pleadings moot. See Ky. Press Ass'n, Inc. v. Ky., 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306 (6th Cir. 2000)), app. dis., 454 F.3d 505 (6th Cir. 2006). In the instant case, however, the only difference between Plaintiff's original and amended complaints was the removal of John Doe as a defendant. (Docket No. 34). "All other pleadings in the original complaint remain the same." (Id. at 1). Moreover, the same standard applies to both motions:

> A Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure 'is appropriately granted when no material issue of fact exists and the party is entitled to judgment as a matter of law.' In making that determination, the Court utilizes the same standards as those used to determine if the Complaint is subject to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Foster v. Amarnek, No. 3:13-516, 2014 WL 1961245, at *1 (M.D. Tenn. May 14, 2014) (citations omitted). The arguments and information contained in Plaintiff's response to the

Motion for Judgment on the Pleadings therefore apply with equal force to Defendant's Motion to Dismiss. Magistrate Judge Knowles's thorough review of the entire record does not provide grounds for objection.

Defendant next objects on the ground that the magistrate judge "erred by analyzing qualified immunity in only a generalized sense and ignoring the lack of authority regarding when a police officer can be said to have failed to intervene in a use of force involving a K-9." This is not so: Magistrate Judge Knowles specifically analyzed Plaintiff's excessive force claim as a failure to intervene claim and found that material facts going to that claim remain in dispute. Indeed, Magistrate Judge Knowles lists at least three issues of material fact that go to whether or not Defendant Bracey is liable for failure to intervene. (Docket No. 48 at 4). Magistrate Judge Knowles also relied on clearly established authority from the Sixth Circuit, <u>Turner v. Scott</u>, 119 F.3d 425, (6th Cir. 1997), which sets forth a test for failure to intervene claims. (Docket No. 54 at 4-5). The Court finds that the magistrate judge properly analyzed Plaintiff's claim.

In sum, the Magistrate Judge thoroughly discussed and rejected Defendant's arguments in favor of dismissal and the Court finds no error in that analysis.

Accordingly, the Court hereby rules as follows:

(1) The R & R (Docket No. 48) is ACCEPTED and APPROVED;

(2) Defendant Bracey's Motion to Dismiss (Docket No. 37) is DENIED;

(3) Defendant Bracey's Motion for Judgment on the Pleadings (Docket No. 16) is TERMINATED AS MOOT.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE