IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

RECEIVED
IN CLERK'S OFFICE
APR 14 2017
U.S. DISTRICT COURT
MID. DIST. TENN.

ALEXANDER L. BAXTER )
)
)
v. ) Case No. 3:15-cv-19
)
)
SPENCER HARRIS, et al. )

## DECLATION IN SUPPORT OF REQUEST FOR MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT BRAD BRACEY

Alexander L. Baxter states:

1) I am the plaintiff in the above-entitled action, and I make this declaration in support of my motion for summary judgment Brad Bracey.

2) That I am over 18 years of age and competent to testify to the matters stated herein.

3) That on January 7, 2015, I filed a complaint for the use of excessive force and assault in the United States District Court for the Middle District of Tennessee.

4) That on November 9, 2015, the Court denied Defendant Bracey's Motion for Judgment on the Pleadings and/or Motion to Dismiss and; as a result, Defendant Bracey filed an interlocutory appeal to the Sixth Circuit.

5) That in his brief to the Sixth Circuit, located on Page 6, Document #9, Defendant Bracey stated as follows: "... Officer Bracey adopts Baxter's version of events ...," which states as follows:

... The petitioner admittedly submits that during the course of an arrest he ran and hid in the basement of a house. Officer Harris and Officer Bracey soon entered the basement with the K-9. The petitioner sat close to the window upon which the officer entered with the K-9. The petitioner watched the K-9 running around on the other side of the basement. The officers located the petitioner first, then the K-9 ran up and one of the officers was holding the K-9 by the collar. The petitioner sat on the ground, frozen still, with his hands raised in the air. The K-9 was barking and rearing up trying to get at the petitioner. When the K-9 ran up to the officer, the petitioner had surrendered. The petitioner was at gunpoint with a flashlight shining on him. It was daylight outside, and there was lots of light shining through the windows. One officer was in front of the petitioner, and the other officer was behind the petitioner.

The petitioner was not physically resisting. The petitioner did nothing to provoke any force. The officer in front of the petitioner then released the K-9, and both officers stood and watched as the K-9 attacked. The officer behind had an opportunity to intervene and stop the attack. He didn't. The officer in front eventually stepped in and removed the K-9. They called it a K-9 apprehension, but there were no bites under/on the petitioner's arms, no bites under/on the petitioner's legs, no bites under/on the petitioner's hands, nor were there any other bites on any other part of the petitioner's body. The petitioner was transferred to Metro Nashville General Hospital with deep lacerations under the pit of his arms only....

    6) That in his reply brief to the Sixth Circuit, located on Page 2, Document #11, Defendant Bracey stated the following: "... Officer Bracey concedes that he was in the basement and saw that Baxter had surrendered and had his hands up when Officer Spencer released the K-9 without warning. Officer Bracey further concedes ... ... that he did not intervene to stop the K-9 from apprehending Baxter..."

    Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.