UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALEXANDER L. BAXTER,

       Plaintiff,                           Civil Action No. 3:15-CV-00019

vs.                                      HON. BERNARD A. FRIEDMAN

SPENCER R. HARRIS AND
BRAD BRACEY

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

      This matter is before the Court on plaintiff's motion for summary judgment [docket entry 77]. Defendant Officer Bracey has responded. Plaintiff has not replied, and the time to do so has expired. The Court shall decide this motion without a hearing.

      The following facts are summarized from defendant's response:[1] In January 2014, defendants responded to a report of a residential burglary. When they arrived, plaintiff fled into the basement of a nearby home and defendants followed. Defendants shouted a warning that they would release police dog Iwo unless plaintiff surrendered. Hearing no response, defendant Officer Harris entered the basement with Iwo, while Bracey waited outside. Harris and Iwo soon found plaintiff, who was hiding. Bracey then entered the basement. Plaintiff alleges, contrary to these facts, that Harris gratuitously sicced Iwo on him while Bracey observed.

      In January 2015, plaintiff filed the instant complaint. In July 2015, Bracey filed a motion to dismiss, asserting a qualified immunity defense. In November 2015, the Court denied

---

[1] The Court notes that these facts are corroborated by Bracey's affidavit. *See* Def.'s Resp. Ex. 1.

his motion, and in December 2015 Bracey appealed that decision to the Sixth Circuit.  In August 2016, the Sixth Circuit upheld this Court's decision.

Plaintiff has now filed a motion for summary judgment under Fed. R. Civ. P. 56(c). Plaintiff argues that Bracey, in this excerpt of Bracey's Sixth Circuit reply brief, conceded his version of the facts:

> For appellate jurisdiction to exist, an appellant must be willing to concede an interpretation of the relevant facts in the light most favorable to the plaintiff's case, and must argue that, even on those facts, he or she is entitled to qualified immunity. *See Harrison v. Ash*, 539 F.3d 510, 517 (6th Cir. 2008) (quoting *Berryman*, 150 F.3d at 562). Officer Bracey has done that here by adopting the version of events set forth in the Report and Recommendation issued by the Magistrate Judge and ultimately adopted by the District Court. (Rep. and Rec., Page ID #196, RE 48; Order Adopting Rep. and Rec., Page ID # 260-262, RE 63). . . .
>
> As this Court has recognized, "regardless of the district court's reasons for denying qualified immunity, [this Court] may exercise jurisdiction over the [defendant's] appeal to the extent it raises questions of law." *Williams v. Mehra*, 186 F.3d 685, 689-90 (6th Cir. 1999) (en banc) (citations omitted); *see also Turner v. Scott*, 119 F.3d 425, 428 (6th Cir. 1997). And even if the defendant disputes a plaintiff's version of the facts, this Court will maintain jurisdiction over an appeal if the defendant nonetheless concedes to the most favorable view of the facts to the plaintiff for purposes of the appeal. *Moldowan v. City of Warren*, 578 F.3d 351, 370 (6th Cir. 2009). Here, Officer Bracey has clearly conceded Baxter's and the District Court's version of the facts. And Officer Bracey is entitled qualified immunity pursuant to those facts.

No. 15-6412, Def.'s Reply pp. 3–4.

Plaintiff misunderstands the nature of Bracey's concession.  Bracey did not concede plaintiff's version of the facts for all purposes; rather, he assumed *arguendo* plaintiff's version of the facts "for the purposes of the appeal."  Defendant officers may file an interlocutory appeal of a district court's decision denying a qualified immunity defense.  However, defendants must, for the purposes of that appeal, take the facts "in the light most favorable to the plaintiff." *Estate of*

*Hill by Hill v. Miracle*, 853 F.3d 306, 312 (6th Cir. 2017) (internal quotation marks omitted).  As Bracey points out, Def.'s Resp. pp. 2–4, that is all he did.

Further, Bracey averred that he was not even in the basement when the alleged attack occurred.  Therefore, under Rule 56, there remains a genuine issue of material fact as to whether he violated plaintiff's constitutional rights.  Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

s/ Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated:  May 18, 2017
        Detroit, Michigan