UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALEXANDER L. BAXTER,

    Plaintiff,                                    Civil Action No. 3:15-CV-00019

vs.                                                HON. BERNARD A. FRIEDMAN

SPENCER R. HARRIS AND
BRAD BRACEY

    Defendants.
_____/

## **OPINION AND ORDER DENYING PLAINTIFF'S**
## **MOTION FOR APPOINTMENT OF COUNSEL**

        This matter is before the Court on plaintiff Baxter's "motion for appointment of counsel or in the alternative motion to be held in abeyance" [docket entry 85]. The issues have been sufficiently briefed, so the Court will decide the motion without a hearing.

        In January 2014, defendants responded to a report of a residential burglary. When they arrived, plaintiff fled into the basement of a nearby home and defendants followed. Defendants shouted a warning that they would release police dog Iwo unless plaintiff surrendered. Defendants allege that defendant Officer Harris, hearing no response, entered the basement with Iwo, while Bracey waited outside. Harris and Iwo soon found plaintiff, who was hiding. Bracey then entered the basement. Plaintiff alleges, contrary to these facts, that Harris gratuitously sicced Iwo on him while Bracey watched.

        In January 2015, plaintiff filed the instant complaint. In July 2015, Bracey filed a motion to dismiss, asserting a qualified immunity defense. In November 2015, the Court denied his motion, and in December 2015 Bracey appealed that decision to the Sixth Circuit. In August

2016, the Sixth Circuit upheld this Court's decision. Now plaintiff has filed a motion to appoint counsel or, in the alternative, to stay the case.

> Appointment of counsel in a civil case is not a constitutional right but a privilege that is justified only by exceptional circumstances. When evaluating whether appointment of counsel is warranted, courts generally examine the nature of the case, the plaintiff's ability to prosecute the case in a pro se capacity, and the complexity of the factual and legal issues involved.

*Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (quotation marks and citations omitted).

Baxter fails to show exceptional circumstances that would justify the appointment of counsel. He argues that he needs counsel to help him take discovery, understand legal jargon, and interview witnesses.[1] But all pro se petitioners face these struggles—they are nothing exceptional.

In *Shavers*, also a § 1983 excessive force case, the Sixth Circuit found that the district court did not abuse its discretion when it denied the plaintiff's request for legal representation. *Id.* The Court reasoned that the factual and legal issues were not complex and the plaintiff's earlier filings showed he was able to handle his case. *Id.* The same is true here. Baxter's filings demonstrate his ability, and the issues are straightforward and non-complex.

Baxter requests that in the alternative to appointing him counsel, the Court stay his case. The Court's power to "stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and how to accomplish this "calls for the exercise of judgment, which must weigh competing interests." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

---

[1] Baxter says much more than this, but those are his statements pertinent to the instant motion. He also extensively discusses Supreme Court and Sixth Circuit case law holding that a police officer violates an individual's Fourth Amendment right to be free from unlawful seizure when he shoots and kills the individual even though they posed no threat to him, and he violates that same right when he beats an unresisting individual. He also notes that he unsuccessfully tried to obtain private legal representation.

Having weighed the competing interests, the Court sees no reason to stay the case, nor does Baxter provide any. Undoubtedly, litigating a case from prison is more difficult than litigating a case from outside prison. Even so, the Court does not consider Baxter's commonplace difficulties so onerous or unique that a stay is warranted.

Accordingly,

IT IS ORDERED that Baxter's "motion for appointment of counsel or in the alternative motion to be held in abeyance" is denied.

s/Bernard A. Friedman<br>
BERNARD A. FRIEDMAN<br>
SENIOR UNITED STATES DISTRICT JUDGE<br>
SITTING BY SPECIAL DESIGNATION

Dated: August 11, 2017
      Detroit, Michigan