IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| ALEXANDER L. BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-19 |
| | ) | |
| v. | ) | Judge Friedman |
| | ) | Magistrate Judge Frensley |
| SPENCER HARRIS, et al. | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |
| | ) | |

## RESPONSE TO PLAINTIFF'S MOTION TO STAY DISCOVERY

Plaintiff's Motion for a Stay of Discovery and a Protective Order to prohibit his deposition should be denied. Plaintiff's predicates his motion on four grounds: 1) a typo in Defendants motion for leave to take Plaintiff's deposition (Doc. No. 83); 2) the Court granting the Defendants' Motion (Doc. No. 84) without giving him a chance to respond; 3) the pendency of his Motion to Appoint Counsel (Doc. No. 85); 4) Defendants "refusal" to provide discovery responses. None of the listed reasons supports staying discovery or prohibiting Plaintiff's deposition.[1]

There is no authority for prohibiting a deposition based on a typo. Based on the style of the case on the Motion, and the filing of the motion under the correct docket number, there was no confusion on behalf of the Defendants, the Court, or the Plaintiff[2] as to whose deposition was being requested. Pursuant to Fed. R. Civ. P. 30(a)(2)(B) the Defendants are required to request permission from the Court to depose a deponent, here Plaintiff, that is confined in prison.

---

[1] As a result of scheduling with the Trousdale Correctional Facility the deposition has been set for September 13th at 10:30 A.M.

[2] Indeed, Plaintiff's current motion acknowledges that the intent was to request Plaintiff's deposition.

A stay of discovery is not warranted when the Court promptly grants a motion. Local Rule 7.01 informs litigants that the Court may act on the motion at any time. The rule also permits the affected party to file a motion to reconsider, but does not contemplate that a stay of discovery is an appropriate remedy. Simply put, Defendants complying with the rules of Civil Procedure and the Court exercising its authority do not support the relief Plaintiff is requesting.

The Court has already denied Plaintiff's request to appoint counsel. (Doc. No. 86) Accordingly, there is no pending motion that would warrant staying discovery.

Finally, Plaintiff alleges that Defendants have failed to participate in discovery. Plaintiff conveniently omits that he has never responded to Defendants written discovery. Moreover, Plaintiff's assertion is contradicted by the fact that Officer Bracey responded to his requests for admissions and the Defendants produced over 300 pages of documents. Plaintiff's unfounded allegation does not support a stay of discovery or a protective order prohibiting his deposition.

In sum, Plaintiff has articulated no reason supporting a stay of discovery or for prohibiting his deposition. His motion requesting such relief should be denied and his deposition should go forward as scheduled.

{N0155023.1}

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
JON COOPER (#23571)
DIRECTOR OF LAW


/s/Melissa Roberge
Keli J. Oliver (#21023)
Melissa Roberge (#26230)
Assistant Metropolitan Attorneys
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
*Counsel for Spencer Harris and Brad Bracey*

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was delivered via U.S. Mail to the following:

Alexander Baxter
TDOC #145056
140 Macon Way
Hartsville, Tennessee 37074


on the 18th day of August, 2017.

/s/Melissa Roberge
Melissa Roberge