Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| ALEXANDER L. BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-19 |
| | ) | |
| v. | ) | Judge Friedman |
| | ) | Magistrate Judge Frensley |
| SPENCER HARRIS, et al. | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF SPENCER HARRIS

Spencer Harris declares under penalty of perjury that the foregoing is true and correct:

1.　I am an adult over the age of eighteen and competent to testify to the matters stated herein.

2.　I am currently a police officer II and have been with the Metropolitan Nashville Police Department since January 2005.

3.　On January 8, 2014 I was assigned to the K9 unit with MNPD and my canine partner was a malinois breed dog named Iwo.

4.　Iwo and I completed 584 hours of training, including on criminal apprehension, before he was certified on August 18, 2010.

5.　Iwo and I were required to complete monthly training after certification. The training typically lasted between 5 to 10 hours. Iwo always received satisfactory scores.

6.　Iwo will only respond to his handler. Iwo will not heed commands given by anyone other than his handler.

7.　The K9 unite can only be deployed when there is probable cause to believe the suspect has committed or attempted to commit certain crimes, including aggravated burglary.

8. On January 8, 2014, myself, my canine partner Iwo, and Officer Bracey were called to respond to a fleeing aggravated burglary suspect. The suspect was Alexander Baxter. A neighbor had observed Baxter break into a home and then also break into a car. After officers verified the neighbors account, they requested our unit.

9. January 8, 2014 was a predominantly cloudy and overcast day.

10. Based on reports from our aviation unit, we concentrated our apprehension efforts on a home on Fairfax Avenue. Once there, Officer Bracey shouted a standard K9 warning to Baxter.

11. I echoed the standard K9 warning a second time. When Baxter continued to remain hidden I released Iwo into the basement.

12. Even during the day the basement was dark, particularly where Baxter was apprehended.

13. I never saw Baxter sitting with his hands up in the air.

14. Baxter never communicated that he intended to surrender peacefully.

15. Once Iwo bites he is trained to maintain the bite until commanded by his handler to release.

_____           10-12-17
Signature                                                     Date

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
JON COOPER (#23571)
DIRECTOR OF LAW


/s/Melissa Roberge
Keli J. Oliver (#21023)
Melissa Roberge (#26230)
Assistant Metropolitan Attorneys
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
*Counsel for Spencer Harris and
Brad Bracey*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was delivered via U.S. Mail to the following:

Alexander Baxter
TDOC #145056
140 Macon Way
Hartsville, Tennessee 37074


on the 13th day of October 2017.

/s/Melissa Roberge
Melissa Roberge