UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALEXANDER L. BAXTER,

    Plaintiff,

vs.

SPENCER R. HARRIS AND
BRAD BRACEY

    Defendants.
_____/

Civil Action No. 3:15-CV-00019

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on defendants' motion for summary judgment [docket entry 99]. The issues have been sufficiently briefed, so the Court will decide the motion without a hearing.

In January 2014, defendants responded to a report of a residential burglary. Plaintiff, a homeless man, had been trying to steal video games, laptops, or computers from unlocked houses. Pl.'s Dep. pp. 15–16. When defendants arrived at the scene, plaintiff fled into the basement of a nearby house. Defendants followed plaintiff to the house. They shouted a warning into the basement that they would release police dog Iwo unless plaintiff surrendered. *Id.* at 30; Harris Aff. ¶¶ 10–11. Plaintiff refused to surrender. Pl.'s Dep. p. 30.

Here the stories diverge. Plaintiff claims that defendants released Iwo into the basement while they remained upstairs. *Id.* Iwo found plaintiff, began barking, and ran back and forth across the basement. *Id.* The defendants came downstairs, and Iwo ran up to Officer Harris, who secured him by the collar. *Id.* at 31, 34. Officer Harris remained in front of plaintiff, ordering him, "show me your hands," while Officer Bracey circled around behind. *Id.* at 32–33, 35.

Plaintiff testified that at that moment, he "was sitting on [his] butt with [his] hands up in the air." *Id.* at 32. After elevating his hands he did not move. *Id.* at 35. Suddenly, without warning, Officer Harris released Iwo. *Id.* Iwo bit plaintiff "two or three times," drawing blood. *Id.* at 39.

Officer Harris avers, however, that they released Iwo only because plaintiff never elevated his hands or "communicated that he intended to surrender peacefully." Harris Aff. ¶¶ 13–14. Medical records show that plaintiff suffered a single puncture wound. Defs.' Mot. Ex. 3.

In January 2015, plaintiff filed the instant complaint. In July 2015, Officer Bracey filed a motion to dismiss based on qualified immunity, which the Court denied. Officer Bracey appealed that decision to the Sixth Circuit. In August 2016, the Sixth Circuit upheld this Court's decision, stating:

> In assessing claims of excessive use of force, courts apply an objective reasonableness standard, considering the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *See Campbell*, 700 F.3d at 786–87. Baxter's complaint alleges that he hid in a basement to avoid arrest but was soon discovered by Harris and Bracey as a canine unit searched the other side of the basement. The canine unit rejoined Harris in front of Baxter, who had surrendered by this point. Bracey was positioned behind Baxter, who sat on the ground with his arms in the air. These facts could support a finding that the officers were in no danger and that Baxter was neither actively resisting nor attempting to flee. Taken in a light most favorable to Baxter, the allegations thus establish that excessive force was being used when the canine attacked, and that Bracey was in a position to observe the use of excessive force.
>
> The complaint also alleges that Harris restrained the canine by its collar prior to releasing it and that Bracey, who stood behind Baxter, did nothing but watch while the canine attacked. Bracey had the opportunity to intervene, given his proximity to Baxter, and the means to prevent the harm from occurring either by instructing Harris not to release the animal or by restraining the animal himself until Harris could command it to stop. The complaint pleads sufficient facts to establish that Bracey violated Baxter's

2

constitutional rights by failing to intervene to protect Baxter from
the use of excessive force.

Aug. 30, 2016, Order Denying Defendant's Appeal, pp. 2–3.  In short, the Sixth Circuit held that the complaint's facts could reasonably support a finding of excessive force.

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "A material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party." *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533, 534 (6th Cir. 1990).

Here, plaintiff's testimony entirely corroborates all of the material facts alleged in his verified complaint, which the Sixth Circuit has already found could support a finding of excessive force.  There is a genuine dispute as to the exact circumstances of the arrest.  A reasonable jury, viewing the evidence in the light most favorable to plaintiff, could find that defendants used excessive force.  And although Officer Harris avers that Iwo would not have responded to Officer Bracey had he intervened, Harris Aff. ¶ 15, this naked averment alone does not dispel genuine dispute as to whether Officer Bracey's intervention would have been futile.

Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: January 19, 2018
      Detroit, Michigan